IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLEN JEAN MITCHELL and | * | |
| JAMES J. MITCHELL | * | |
| Plaintiffs, | * | Civil Action No. ELH-18-2908 |
| v. | * | |
| TARGET CORPORATION, | * | |
| Defendant | * | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Ellen Jean Mitchell and James J. Mitchell, by and through their attorneys, Robert A. Benson and Laws, Insley & Benson, P.A., submit this Memorandum of Law in Support of their Response to Defendant's Motion for Summary Judgment and state as follows:

## STATEMENT OF FACTS

On July 31, 2015, the defendant, Ellen Jean Mitchell (herein "Ellen") and her daughters Karrsin Ellen Mitchell (herein "Karrsin") and Hanahsin Henry (herein "Hanahsin") entered the Target store in Salisbury, Maryland at 7:17 p.m.[1] Ellen and her daughters purchased a number of items and proceed to check out. Deposition of Ellen Mitchell ("Ellen Deposition") 72:9-73:13, March 25, 2019, attached hereto as Exhibit "A".[2] While at the checkout, a cashier informed Ellen and her daughters about a Target red sticker sale and the three of them went to the area of Target where the items were on sale. Ellen Deposition 73:15-19. After looking at the sale items

---

[1] Counsel for Plaintiffs notified Target in writing about Ellen Mitchells fall and requested all video be maintained. Despite that request, the only video produced by Target showed Ellen Mitchell and her daughters entering the store at 7:17 p.m. on July 31, 2015 and existing on a stretcher, accompanied by emergency personnel at 8:33 p.m.

[2] The Depositions of Ellen, Karrsin and Hanahsin are attached and incorporated in their entirety to Defendant's Memorandum. Rather than refile them herewith, references to those depositions are to the copies attached in Defendant's Memorandum.

and not finding any additional items to purchase, Ellen and her daughters left the shoe department, went through the baby clothing and baby product aisles and proceeded to a tiled walkway to begin exiting Target. Deposition of Karrsin Ellen Mitchell ("Karrsin Dep.") 17:6-13, April 17, 2019. While in the tiled area, Ellen and her daughters were talking when Ellen "felt something, and…just flew up in –my feet flew up in the air…" Ellen slipped on a clear foreign substance on the Target floor, approximately 8" to 12" in size. Karrsin Dep 18:16-29:30:22. The substance on the floor has never been identified, however, Target employee Bryan Willin described it as an "oily substance….. approximately 10" to 12" in diameter (clear). Bryan Willin Team Member Witness Statement dated 7/31/15 attached hereto as Exhibit "A".

As Ellen fell she struck her head hard on the floor and broke her left femur. Ellen Dep 80:7-8. After her fall, a gentleman approached Ellen and rendered care and assistance to her until the emergency personnel arrived on the scene. Ellen Dep. 83:17 to 86: 17.

Ellen recalls that the gentleman that rendered assistance, was a white male dressed in a navy blue shirt with an emblem indicating he was a "fireman of some sort." Ellen Dep. 86:6-10. Ellen told the defendant Target about the "fireman" in a recorded telephone interview on November 21, 2016. See Recorded Statement of Ellen Mitchell attached hereto as Exhibit "B". Both daughters, Karrsin and Hanahsin, recall the "fireman" rendering care and assistance to Ellen. Deposition of Hanahsin Henry ("Hanahsin Dep") 31:19-22 and Karrsin Dep 36:7-12. Karrsin specifically stated that the volunteer fireman "walked around the corner within seconds, 30 seconds when the fall occurred." Karrsin Dep 36:7-10. The "fireman" asked what happened and after being told Ellen slipped and fell in a substance on the floor, the "fireman" stated his wife had slipped in the substance and that he had reported that to Target employee(s). Karrsin

Dep 36:13-20, Ellen Dep 84:7-13. Emergency personnel from the City of Salisbury responded to the Target store and transported Ellen to Peninsula Regional Medical Center at 8:33 p.m.

## STANDARD OF REVIEW

Federal Rule 56 allows the court to grant summary judgment if the moving party demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. The central question is whether there is a dispute as to any material fact, in other words, "facts that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary Judgment cannot be granted if the evidence regarding the material fact "is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

The judge at the stage of summary judgment is not required "to weigh the evidence and determine the truth at the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The trial judge is to determine if there are any material facts that "properly can be resolved only by a finder of fact because they can reasonably be resolved in favor of either party." *Anderson* 477 U.S. at 250.

## ARGUMENT

The law in Maryland as to what a customer must show to prevail in a slip and fall case is well established. In the instant case, Ellen was an invitee or a person on the property of Target for a purpose relating to Target's business. *Rehn v. Westfield American, et al* 153 Md. App. 586, 592, 837 A.2d 981 (2003). As such, the customer must demonstrate that a dangerous condition existed in the store and that the storekeeper had strict or constructive knowledge of the

dangerous condition. *Rehn*, 153 Md. App. at 593: *Means* v. *Giant of Maryland, L.L.C.*, 161 Md. App 620, 632, 871 A2.d 672(2005). In addition the evidence must be sufficient to show that the storekeeper became aware of the dangerous condition in sufficient time to correct the condition or to warn the customer of the condition. *Rehn*, 153 MD. App at 593, *Means*, 161 Md. App. At 632. Whether the storekeeper had sufficient time to correct the dangerous condition or to warn the customer requires the trier of fact to consider "the notice of the danger, the number of persons likely affected by it, the diligence required to discover or prove it, the opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances and the foreseeable consequences of the conditions". *Moore v. AM. Stores, Co.*, 169 Md. 541, 551, 182 A.436 (1936).

In the instant case, the evidence is undisputed that a foreign liquid was on the floor of Target and that Ellen slipped in this liquid and fell, thereby causing her serious injuries. Not only did Ellen, Karrsin and Hanahsin all testified as to the presence of the liquid on the floor, but Target's own employee in his Team Member Witness Statement stated that the floor was not clean and dry, but had an "oily substance close to where the guest was on the ground approximately 10" to 12" in diameter." See Willin Witness Statement. As such, the plaintiff has clearly demonstrated that a dangerous condition existed on the Target floor where Ellen fell.

In addition, the evidence produced by the Plaintiffs proves Target had actual knowledge of the dangerous condition prior to Ellen's fall. Proof of that knowledge is the statement made by the "volunteer fireman" that stopped and rendered aid and assistance to Ellen. The fireman is quoted as stating that his wife had almost fallen in the same substance and that he had notified employees or agents of Target of the liquid on the floor prior to Ellen's fall. In its Motion for

Summary Judgment, Defendant argues that this "volunteer fireman's" statement is hearsay and is therefore not admissible; however, Defendant's argument is without merit.

Federal Rule of Evidence 803(2) codifies the common law rule for excited utterances, and states, "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule. In this case, Ellen fell in the Target Store and suffered an injury to her head and a severely broken left leg. The "volunteer fireman" arrived at the scene of Ellen's fall within 30 seconds and remained at Ellen's side providing care and comfort to a woman in severe pain until emergency personnel arrived. The entire time that elapsed from Ellen's fall until Ellen was transported by the emergency personnel was no more than twenty (20) minutes. As such, the statement made by the "volunteer firefighter" was in relation to "a startling event," i.e., Ellen's fall and injury, and was made while he was under the "stress of excitement."

Unfortunately, the identity of the "volunteer fireman" has not been determined, however, the fact that the "volunteer firefighter" has not been identified does not prohibit the admissibility of his statements; See *Cole v. Tansy*, 926 F.2d 955 (1991); *Parker v. State*, 129 Md. App. 360, 742 A.2d 28 (1999). *Parker v. State*, 365 Md. 299, 778 A.2d 1096 (2001). In each of those cases, the trial court determined that the unavailable witness' statement was an excited utterance and the fact that the witness was unidentified does not in and of itself, preclude the admission of the statement. In *Parker*, the Maryland Court of Appeals held that when the witness is unidentified, "heightened scrutiny of the purported excited utterance is appropriate." 365 MD at 315. The Court nonetheless held the statement admissible when the requisite elements of personal observation and spontaneity were established under the circumstances of the case. 365 MD at 315.

Accordingly there is a material dispute in this case as to whether Target had actual knowledge of this dangerous condition in sufficient time to correct the condition or warn the customer. A trier of fact could reasonably find that the warning from the "volunteer fireman" to Target was sufficient to make it liable to plaintiffs for the injuries resulting from this fall caused by the dangerous condition.

_____
Robert A. Benson, Esquire
Federal Bar No. 07427
Laws, Insley & Benson, PA
209 E. Main Street
Salisbury, MD 21801
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2019, a copy of the foregoing Plaintiff's Memorandum in Support of Their Response to Defendant's Motion for Summary Judgment was served via ECF to: Glenn A. Gordon, Esq., and Daniel Lanier, Esq., Miles & Stockbridge, P.C., 100 Light Street, Baltimore, MD 21202 Attorney for Defendant.

_____
Robert A. Benson, Esquire